**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAMES BRIAN KLEISER;
ADVANCED ELECTRICAL
CONCEPTS, INC., DBA Mr. Electric
of Clark County,
                        *Plaintiffs-Appellants,*

   v.

BENJAMIN CHAVEZ; STEPHEN
THORNTON; FAITH JEFFREY;
WASHINGTON STATE
DEPARTMENT OF LABOR AND
INDUSTRIES,
                        *Defendants-Appellees.*

No. 21-36029

D.C. No. 3:20-cv-
06079-BJR

OPINION

Appeal from the United States District Court
for the Western District of Washington
Barbara Jacobs Rothstein, District Judge, Presiding

Argued and Submitted October 17, 2022
Seattle, Washington

Filed December 9, 2022

Before:  Richard C. Tallman, Ryan D. Nelson, and Danielle
J. Forrest, Circuit Judges.

Opinion by Judge Tallman

# SUMMARY[*]

### *Civil Rights*

The panel affirmed the district court's grant of summary judgment for defendants in an action brought pursuant to 42 U.S.C. § 1983 alleging Fourth Amendment and state law violations when the Washington State Department of Labor and Industries wrote citations and assessed administrative fines against plaintiffs based on information obtained, without a warrant, from plaintiffs' disgruntled employees which provided cell site location information for plaintiffs' company vehicles.

Plaintiffs argued that *Carpenter v. United States*, 138 S. Ct. 2206 (2018), and *Wilson v. United States*, 13 F.4th 961 (9th Cir. 2021), foreclosed the Department's use of plaintiffs' location information because, when read together, the cases extinguished the applicability of the private search exception to the Fourth Amendment to location information.

The panel noted that although *Carpenter* held that the third-party doctrine does not apply as an exception to the Fourth Amendment's warrant requirement when the government seeks cell site location information, the private search exception is an altogether separate exception to the

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Fourth Amendment. The panel joined other sister circuits and held that the dicta from *Wilson* coupled with the holding in *Carpenter* did not foreclose the availability of the private search exception when location information is involved. The panel therefore affirmed the district court's ruling finding *Carpenter* inapplicable in private search exception cases. Plaintiffs' additional argument that the Department failed to show that the requirements for the private search exception were established was waived because it was not raised before the district court. The panel addressed plaintiffs' remaining contentions in a contemporaneously filed memorandum disposition.

## COUNSEL

Rachel J. Goldfarb (argued), Praedium Law Group PLLC, Vancouver, Washington, for Plaintiffs-Appellants.

Tera M. Heintz (argued), Deputy Solicitor General, Office of the Washington Attorney General, Olympia, Washington; Jeffrey C. Grant, Assistant Attorney General; Robert W. Ferguson, Attorney General; Office of the Washington Attorney General, Seattle, Washington; for Defendants-Appellees.

# OPINION

TALLMAN, Circuit Judge:

Plaintiffs-Appellants James Kleiser and Mr. Electric (jointly "Mr. Electric") challenge the district court's grant of summary judgment in this 42 U.S.C. § 1983 action in favor of Defendants-Appellees Benjamin Chavez, Stephen Thornton, Faith Jeffrey, and the Washington State Department of Labor and Industries (together "the Department").[1]  Two disgruntled Mr. Electric employees provided the Department with copious amounts of Mr. Electric's data, particularly printouts of cell site location information that provided GPS coordinates for company vehicles which showed all movement of electricians in the field.  The Department used the data to write citations and assess administrative fines against Mr. Electric for violations of Washington's electrical code stemming from improper supervision of journeymen electricians in Clark County.

Mr. Electric filed this § 1983 action against the Department alleging (1) that a Fourth Amendment violation occurred when the Department obtained the data without a warrant and (2) that the Department violated the Washington State Privacy Act when it received a copy of Mr. Electric's data that it then saved to its computer.  We AFFIRM.

---

[1] We resolve an issue of first impression in our Circuit in this published opinion and file a contemporaneous memorandum disposition of the remaining issue in this case.

I

A

Mr. Electric contends that *Carpenter v. United States*, 138 S. Ct. 2206 (2018), and *Wilson v. United States*, 13 F.4th 961 (9th Cir. 2021), foreclose the Department's use of Mr. Electric's location information because, when read together, the cases extinguish the applicability of the private search exception to the Fourth Amendment to location information. This argument overreads the case law.

*Carpenter* held that the third-party doctrine does not apply as an exception to the Fourth Amendment's warrant requirement when the government seeks cell site location information. 138 S. Ct. at 2219–21. The private search exception is an altogether separate exception to the Fourth Amendment. And while we have recognized in dicta that these two exceptions rest "on the same precepts concerning the equivalence of private intrusions by private parties," *Wilson*, 13 F.4th at 971 n.9, *Carpenter* forecloses the expansion sought by Plaintiffs-Appellants. The Court emphasized that the holding in *Carpenter* was a "narrow one," 138 S. Ct. at 2220, and the opinion never once mentions the private search exception.

The United States Courts of Appeal for both the Sixth and the Eighth Circuits have found that *Carpenter* does not apply in private search exception cases. *United States v. Miller*, 982 F.3d 412, 431 (6th Cir. 2020) (finding "*Carpenter* asked only whether the government engaged in a 'search' when it compelled a carrier to search its records for certain information that the government demanded" and "did not cite [*United States v. Jacobsen*, 466 U.S. 109 (1984)], let alone address its private-search doctrine"); *United States v. Ringland*, 966 F.3d 731, 737 (8th Cir. 2020)

(finding *Carpenter* did not apply in a case involving the private search exception).

We join our sister circuits and hold that the dicta from *Wilson* coupled with the holding in *Carpenter* does not foreclose the availability of the private search exception when location information is involved. We AFFIRM the district court's ruling finding *Carpenter* inapplicable in private search exception cases.

B

Mr. Electric next argues that if the private search exception is found to apply, then the district court erred when it granted the Department's motion for summary judgment as the Department failed to show that the requirements for the private search exception were established. We agree with the Department that Mr. Electric waived this argument by failing to raise it before the district court. The record reveals that Mr. Electric made the strategic decision to focus exclusively on the third-party search doctrine and did not brief the private search exception. Therefore, Mr. Electric waived this argument on appeal. We AFFIRM the district court's opinion applying the private search exception in this case.

**AFFIRMED**.